

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00363-CR

Steven P. **CHERRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR6408
Honorable Sid L. Harle, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: May 8, 2019

AFFIRMED

The sole issue presented in this appeal is whether the trial court abused its discretion in denying a motion for new trial alleging jury misconduct. We affirm the trial court's judgment.

### BACKGROUND

Steven P. Cherry was charged with two counts of burglary of a habitation with the intent to commit assault involving two separate complainants. A jury found Cherry guilty on only the second count. After sentence was imposed, Cherry filed a motion for new trial asserting jury

misconduct based on statements made by a juror in a conversation with counsel after the verdict was announced.

The juror was called to testify at the hearing on Cherry's motion. The juror recalled asking the attorneys why evidence was not presented regarding Cherry's criminal history. She also recalled stating she "looked it up" on the morning of the last day of trial before jury deliberations. The juror testified she discovered Cherry had other cases but did not know "if they were pending or charged or anything." She recalled *she* was curious as to the reason evidence was presented regarding one of the complainant's criminal history but not Cherry's criminal history. She did not recall telling the attorneys that "we were curious."

In an effort to clarify what the juror saw, the following exchange occurred between the trial court and the juror:

> THE COURT: Other cases pending? Let's clarify. Other cases pending or prior convictions?

> THE WITNESS: I don't even know what they were. I have no idea.

> THE COURT: Okay. Well, what did you see?

> THE WITNESS: I just saw his name on the Bexar County website. That was it. I could not tell you what they were.

> THE COURT: I mean, you are not in any trouble.

> THE WITNESS: No.

> THE COURT: Just relax. I mean, basically if we have to retry the case, we'll retry the case. So what I would like for you to do is think hard. He is asking when you looked it up what you saw and, most importantly, what you conveyed, if anything, back in the jury room.

> THE WITNESS: Literally I saw his name and I saw — I want to say it was either one or two things. I don't know what dates. I don't know. Really, I don't know.

> THE COURT: Things like what?

THE WITNESS: Just literally his name and something after it. I don't know if they were case numbers. I have no idea. I couldn't tell you what they were.

THE COURT: Well, I'm kind of confused simply because you said "criminal history," so other numbers, you must have seen something like burglary or —

THE WITNESS: No. I have no idea. Literally the Bexar County — I want to say — I don't know if it is a criminal website or — I don't know. Literally it is Bexar County, and his name was on there. And literally there are — I want to say there's dates on there, but I couldn't even tell you what dates they are. I have no clue.

The juror further testified she did not recall discussing what she saw with any of the other jurors until after the deliberations when she and two other jurors were talking with counsel. The juror stated she did not consider what she saw on the website in reaching her verdict.

An attorney who was present when the jurors were talking with counsel following the verdict also testified at the hearing. The attorney testified the juror stated she looked up everyone's criminal history because the panel was curious why that evidence was not presented.

At the conclusion of the hearing, the trial court commented:

Okay. So then what she has told us was — and this is important to me. I get the impression from what she just testified to — and that is why I was trying to clarify — that she never brought it up during deliberations. She told two jurors who hung around, the way I gather, after the verdict. She shared it with them. That's the way I got her testimony.

In response to the trial court's question about whether any additional evidence was available from the other jurors, defense counsel stated the other jurors did not say anything. At the conclusion of the hearing, the trial court ruled, "Absent there being further evidence about it having some effect on the verdict, which there doesn't seem to be any, I'm going to deny the Motion for New Trial."

### DISCUSSION

In his brief, Cherry contends the trial court abused its discretion in denying his motion for new trial because the juror admitted running his criminal history and "reported her findings to the other jurors." Cherry asserts "this distribution of [his] criminal history clearly established that [he]

did not receive a fair and impartial trial." Even if the juror did not share the information with the jury, Cherry contends he was entitled to a new trial because "this information denied [him] a fair and impartial trial."

A.      Standard of Review

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012). At a hearing on the motion for new trial, the trial judge is the trier of fact and the sole judge of the credibility of the witnesses. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); *Escobedo v. State*, 6 S.W.3d 1, 8 (Tex. App.—San Antonio 1999, pet. ref'd). A trial court abuses its discretion in denying a motion for new trial when no reasonable view of the record could support the trial court's ruling. *McQuarrie*, 380 S.W.3d at 150.

B.      Applicable Law

The defendant bears the burden to show he is entitled to a new trial. *Woodall v. State*, 77 S.W.3d 388, 392 (Tex. App.—Fort Worth 2002, pet. ref'd); *Bratcher v. State*, 771 S.W.2d 175, 188 (Tex. App.—San Antonio 1989, no pet.). Rule 21.3(g) of the Texas Rules of Appellate Procedure requires a new trial to be granted "when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial." TEX. R. APP. P. 21.3(g). "To demonstrate jury misconduct, the defendant must show that (1) the misconduct occurred and (2) the misconduct resulted in harm to the movant." *State v. Sanders*, 440 S.W.3d 94, 105 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Jennings v. State*, 107 S.W.3d 85, 90 (Tex. App.—San Antonio 2003, no pet.). When the basis of a motion for new trial is jury misconduct, and evidence at the hearing is conflicting, there is no abuse of discretion if the trial court denies the motion for new trial. *Lewis*, 911 S.W.2d at 7; *Escobedo*, 6 S.W.3d at 8.

Rule 21.3(f) requires a new trial to be granted "when, after retiring to deliberate, the jury has received other evidence." TEX. R. APP. P. 21.3(f). To be entitled to a new trial under rule 21.3(f), a two-prong test must be satisfied: (1) the evidence must have been received by the jury, and (2) the evidence must be detrimental or adverse to the defendant. *Bustamante v. State*, 106 S.W.3d 738, 743 (Tex. Crim. App. 2003). "Whether the jury has 'received' other evidence is a fact question to be decided by the trial court." *Escobedo*, 6 S.W.3d at 8.

C.      Analysis

In the instant case, the trial court believed the juror's testimony that she did not share the information she obtained from the website with the other jurors. This testimony supported an implied finding that the jury did not "receive" the information. *See id*. Although the juror's testimony was contradicted by the testimony of the attorney who stated the juror made reference to the panel being curious, the issue was a fact issue the trial court resolved, and a trial court does not abuse its discretion in denying a motion for new trial when presented with conflicting evidence. *See Lewis*, 911 S.W.2d at 7; *Escobedo*, 6 S.W.3d at 8.

Similarly, the juror stated the information did not impact her decision, and no evidence was presented that the information affected the jury's verdict. Because Cherry had the burden to prove his entitlement to a new trial, and no evidence was presented to establish the juror's misconduct in searching the website harmed Cherry, the trial court did not abuse its discretion in denying the motion for new trial. *See Jennings*, 107 S.W.3d at 90; *Bratcher*, 771 S.W.2d at 188.

## CONCLUSION

The trial court did not abuse its discretion in denying Cherry's motion for new trial. Accordingly, we overrule the sole issue Cherry presents on appeal and affirm the trial court's judgment.

Beth Watkins, Justice

DO NOT PUBLISH